[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14164

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE ANGEL ANDUJAR,
a.k.a. Zay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00220-WFJ-MRM-2

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges

PER CURIAM:

Jose Andujar appeals his sentence of 152 months' imprisonment for conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, which was reached by an upward variance from the guideline range of 87 to 108 months' imprisonment. Andujar argues that his sentence is substantively unreasonable because the district court gave insufficient reasons under 18 U.S.C. § 3553(a) for applying the upward variance. He also asserts that the district court abused its discretion by comparing his sentence to his dissimilarly situated codefendants and by creating an unwarranted sentencing disparity between himself and similarly situated future defendants who will be eligible for safety-valve relief under U.S.S.G. § 2D1.1(b)(18) once the U.S. Sentencing Commission synchronizes it with the amended safety-valve provision at 18 U.S.C. § 3553(f)(1).

We review a sentence for substantive reasonableness under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence has the burden of showing that the sentence is unreasonable based on the facts of the case, the § 3553(a) factors, and the substantial deference owed to the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

A court can abuse its discretion in three ways: (1) by failing to consider relevant factors, (2) by considering improper factors, or (3) by committing a clear error in judgment in its assessment of the relevant factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The proper factors are listed in § 3553(a) and include the seriousness of the offense, the history and characteristics of the defendant, the need for deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). The district court holds significant discretion in deciding how to weigh the § 3553(a) factors, and we cannot substitute our own judgment on review. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). However, a sentencing court must ensure that it avoids unwarranted disparities in sentences between similarly situated defendants. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009); 18 U.S.C. § 3553(a)(6).

We may not presume that a sentence outside of the calculated guideline range is unreasonable, but we do take into account the extent of the variance in our analysis. *Irey*, 612 F.3d at 1187. We have affirmed many sentences varying above the guideline range as substantively reasonable based primarily on criminal history and risk of recidivism. *See, e.g.*, *Rosales-Bruno*, 789 F.3d at 1253, 1256-57 (affirming as substantively reasonable a sentence of 87 months' imprisonment, which included a 60-month upward variance based on the appellant's criminal history); *United States v. Early*, 686 F.3d 1219, 1221-23 (11th Cir. 2012) (affirming as substantively reasonable a sentence of 210 months' imprisonment, which included an upward variance from the guideline range of 78 to 97 months based on the

appellant's criminal history); *United States v. Shaw*, 560 F.3d 1230, 1235-36, 1239-41 (11th Cir. 2009) (affirming as substantively reasonable a statutory maximum sentence of 120 months' imprisonment, which was an upward variance from the guideline range of 30 to 37 months based on the appellant's criminal history and risk of recidivism). One sign of reasonableness is that the variance sentence is "well below the statutory maximum." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Here, Andujar's sentence is not substantively unreasonable because the district court, in applying the upward variance, only considered proper factors under § 3553(a) and did not give them an inappropriate amount of weight in light of the deference it is owed. Additionally, the court did not create an unwarranted sentencing disparity between Andujar and future defendants who will be eligible for guideline safety-valve relief, and it was not improper to compare his sentence to those of his codefendants.

The court's concern that Andujar recently had been convicted based on participation in a cocaine distribution conspiracy, received a lenient sentence, and very soon after had perpetrated substantially the same criminal conduct informed its judgment that Andujar was at a high risk of recidivism and required individual deterrence. Its consideration of the harsher sentences that Andujar's co-conspirators had received was based on both the need to avoid disparity in sentencing out of fairness and the need to take account of Andujar's high-level role within the conspiracy as the cocaine supplier for those co-conspirators. Finally, its discussion of

Andujar's persistence in continuing participation in the conspiracy, despite having already been stopped by police while in possession of cocaine, was relevant both to the seriousness of the offense and to Andujar's risk of recidivism. The court's general concern with Andujar's risk of recidivism, the need for deterrence, and his high-level role in the conspiracy all relate to the court's expression of the need to protect the public from this type of behavior. All of these factors were within the scope of § 3553(a), and the court did not consider any other factors that fell outside of that scope. *See Irey*, 612 F.3d at 1189.

Further, there was nothing unreasonable in the way that the court disagreed with the sentencing calculation and placed more weight on the factors than was reflected in the guideline range. Andujar is incorrect to aver that simply because the probation officer incorporated his criminal history and the facts of his criminal conduct into the guideline calculation, the judge is unable to give them any further thought or disagree with how they should be weighed in determining the sentence. *Id.* at 1212. The upward variance from the advisory guideline range is substantial, but the final 152-month sentence is well below the maximum penalty of life imprisonment, which itself is an indicator of reasonableness. *Riley*, 995 F.3d at 1278. The 152-month sentence is supported by the facts of the case and Andujar's criminal history. It was reasonable for the court to decide that all of the factors it had assessed indicated that Andujar had a high likelihood of recidivism and posed a threat to public safety, and so deserved the extent of the variance above the guideline range. This Court in the past has affirmed similarly

large upward variances primarily based on criminal history and the danger to society posed by the appellant. *See Rosales-Bruno*, 789 F.3d at 1256-57; *Early*, 686 F.3d at 1221-23; *Shaw*, 560 F.3d at 1239-41.

Andujar's claims that his sentence is unduly disproportionate compared to similarly situated future defendants who will be given safety-valve credit under the Guidelines, and that he should not be compared with his dissimilarly situated codefendants, are also unavailing. The sentencing judge expressly stated that, even if Andujar was eligible for a two-level downward departure under the guideline safety-valve provision, it still would have varied upward to the same sentence it imposed. Andujar has not shown that there are any similarly situated defendants who, given a recent history of drug distribution and high-level role in a multi-party conspiracy as a supplier like him, would have received a disproportionately lighter sentence than he did. Just because he is eligible for safety-valve relief does not necessarily mean that he is entirely similarly situated to all other defendants who are also eligible. Andujar's safety valve-relief eligibility is only one aspect of his case, and the court discussed multiple specific ways in which he could be distinguished from other defendants who also possess such eligibility. Thus, it was within the court's discretion not to rely solely on the safety valve's applicability in deciding the sentence and to focus instead on the factors of deterrence, public safety, and the seriousness of the offense, even if it resulted in a substantial upward variance.

It was also not outside of the court's discretion to give substantial weight to Andujar's central role as a cocaine supplier when

determining his sentence in relation to his co-defendants. Contrary to Andujar's claims, the district court did not compare his sentence with his co-conspirators because it had thought that they were similarly situated, but rather because it thought that Andujar was more culpable than the others due to his role as their supplier, noting that Andujar was "the source of all this." The sentencing court instead compared Andujar's sentence to those of his co-defendants in order to avoid a significant disparity where a high-level supplier would receive a more-lenient sentence than those beneath him in the chain of distribution. That judgment is within its discretion according to the principle of fairness underlying the § 3553(a) factors and the sentencing system as a whole. It also fits squarely within the judge's discretion in giving great weight to the factors of the seriousness of the offense and Andujar's role in the conspiracy. *Dougherty*, 754 F.3d at 1361.

Therefore, because the district court considered only proper factors and gave them an appropriate amount of weight to which this Court must afford deference, it did not abuse its discretion in imposing an upward-variance sentence of 152 months.

**AFFIRMED.**